UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IN RE:
DONALD

Debtor.          No. 3:17-CV-01802 (KAD)

## ORDER DISMISSING APPEAL

**Introduction**

On November 19, 2018, this Court issued an order directing the Appellant to show cause, by December 3, 2018, why this case should not be dismissed for failure to prosecute. *See* Doc. No. 6. No response was made. For the reasons stated below, this appeal is dismissed.

**Standard of Review**

Federal Rule of Bankruptcy Procedure 8009(a) provides that an appellant must file a designation of the items to be included in the record on appeal and a statement of issues to be presented within 14 days from the filing of the appeal. *See* Fed. R. Bankr. P. 8009(a). The Second Circuit has made clear that "[f]iling a Designation and Statement is mandatory", and that a late filing will only be accepted if the appellant demonstrates that the "failure to act was the result of excusable neglect" within the meaning of Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). Moreover, "a bankruptcy appeal cannot proceed without a Designation and Statement. If a party fails to file a Designation and Statement on time, and an untimely filing is disallowed because no excusable neglect has been shown, the appeal has to be at an end." *Id.* at 605.

"Although the time limitations of the Bankruptcy Rules 'are not jurisdictional' and 'the district court is not required automatically to dismiss the appeal of a party who has failed to meet those deadlines', the Second Circuit instructs that 'the [district] court should exercise its discretion to determine whether dismissal is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion.'" *Fetman v. Aish Hatorah of N.Y. Inc.*, No. 1:17-CV-01247(ENV), 2018 WL 4288630, at *2 (E.D.N.Y. Sept. 7, 2018) (citing *Balaber-Strauss v. Reichard (In re Tampa Chain Co., Inc.)*, 835 F.2d 54, 55 (2d Cir. 1987)). In deciding whether dismissal is appropriate, courts consider whether the appellant has demonstrated "bad faith, negligence, or indifference." *In re Geaney*, No. 08–CV–8208, 2011 WL 336464, at *1 (S.D.N.Y. Jan. 25, 2011) (citing *In re Tampa Chain Co.*, 835 F.2d at 55)); *see also Oren v. Nicholas*, 10–CV–2489, 2010 WL 5127664, at *1 (E.D.N.Y. Dec. 9, 2010).

Moreover, a district court has the inherent power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S. Ct. 2123, 115 L.Ed. 2d 27 (1991) (recognizing a district court's inherent authority to dismiss *sua sponte* for failure to prosecute); *see also Sydlar v. Swimelar*, No. 6:10-cv-34 (GLS), 2010 WL 2522362 (N.D.N.Y. June 14, 2010) (dismissing a bankruptcy appeal *sua sponte* for failure to prosecute); *Bristol v. Ackerman (In re Bristol)*, No. 09-cv-1683 (JFB), 2010 WL 1223053 (E.D.N.Y. Mar. 24, 2010) (same).

**Discussion**

Here, at the very least, the Appellant has exhibited indifference in prosecuting this action. The notice of appeal was docketed by the bankruptcy court on October 24, 2017. By operation of Rule 8009, the Appellant's Designation and Statement were due by November 7, 2017. The Appellant neither sought an extension of time to file the documents, nor otherwise made any

attempt to demonstrate excusable neglect. Of note, the Appellant's *only* communication with this Court was the filing of the notice of appeal, which in itself is grounds for dismissal. *See* Fed. R. Bankr. P. 8003(a)(2) ("An appellant's failure to take any step other than the timely filing of a notice of appeal…is ground only for the district court or BAP to act as it considers appropriate, including dismissing the appeal."). Furthermore, when given an opportunity to show cause why the appeal should not be dismissed, and being warned that failure to do so could result in dismissal, the Appellant failed to respond. The Court has considered whether some lesser sanction is appropriate, but concludes that a lesser sanction is unwarranted. The Appellant not only missed the requisite deadline, but failed to communicate with the Court for over 13 months. *See In re Bristol*, No. 09-CV-1683 JFB, 2010 WL 1223053, at *2. The fact that appellant is *pro se* does not alter this analysis. *See e.g., Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them.").

      Accordingly, the appeal is hereby dismissed. *See* D. Conn. L. Civ. R. 41(a).

/S/ Kari A. Dooley
Kari A. Dooley
United States District Judge
Dated at Bridgeport, Connecticut this 11th day of December 2018.